UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDIT ALVARENGA-TORRES,

Petitioner,

v.

A. NEIL CLARK, Field Office Director, U.S. Immigration and Customs Enforcement, et al.,

Respondents.

CASE NO. C10-79-JLR-JPD

REPORT AND RECOMMENDATION

I. INRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding through counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with an emergency request for stay of removal.[1] (Dkt. No. 1.) He argues that his due process rights have been violated by the ineffective assistance of his former counsel, and requests this Court "Order that Respondents join in Petitioner's efforts to reopen the removal proceedings on the basis of his application for adjustment of status to permanent residence." (Dkt. No. 1 at 6.) Respondents have filed a motion to dismiss, arguing that the Court lacks jurisdiction over petitioner's claims because the REAL ID Act requires challenges to a final order of removal be brought before the Court of Appeals." (Dkt. No. 12.)

---

[1] The Court subsequently granted petitioner a temporary stay of removal pending adjudication of his habeas corpus petition. (Dkt. Nos. 3 and 9.)

REPORT AND RECOMMENDATION - 1

For the reasons set forth below, the Court recommends that respondents' motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of El Salvador, who entered the United States without inspection on May 4, 1996. (Administrative Record ("AR") at L17, L27.) On October 21, 1996, he filed an Application for Asylum and for Withholding of Deportation with the San Francisco Asylum Office. (AR L18-27.) The Asylum Office declined to grant petitioner's claim for asylum, and referred petitioner's case to an Immigration Judge ("IJ") for evaluation of his claim. (AR L11-12.) Petitioner was served with a Notice to Appear, placing him in removal proceedings and charging him as subject to removal from the United States pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), for being present in the United States without being admitted or paroled. (AR L16-17.)

On July 1, 1997, petitioner appeared pro se for removal proceedings before an IJ. (AR R37-96.) The hearing was conducted in Spanish through an official court interpreter. (AR R95.) In addition, the IJ informed petitioner of his rights and privileges, including his right to be represented by an attorney or legal representative, his right to present witnesses and evidence, his right to testify on his own behalf or refuse to testify, his right to examine evidence and witnesses presented by the Government, and his right to appeal the IJ's decision to a higher court. (AR R93-94, R51.) At the conclusion of the hearing, the IJ denied petitioner's application for asylum and for withholding of deportation, but granted him voluntary departure in lieu of removal until July 31, 1997, with an alternate order of removal to El Salvador. (AR L30, R37-38.) Because petitioner was not represented by counsel, the IJ automatically reserved his right to appeal. (AR R51.)

REPORT AND RECOMMENDATION - 2

On July 3, 1997, petitioner, with the assistance of attorney Paul Kaplan, filed a Notice of Appeal to the Board of Immigration Appeals ("BIA"). (AR L31-33.) Although Mr. Kaplan assisted petitioner, the appeal was filed pro se, the Notice of Appeal was signed by petitioner, and petitioner's address in Fresno, California, was provided as the mailing address. (AR L32, L35-36.) Item #6 on the Notice of Appeal was checked, indicating that a separate written brief or statement would be submitted in conjunction with his appeal. (AR L32, L35.) Above petitioner's signature, the Notice of Appeal states, "WARNING: Your appeal may be summarily dismissed if you indicate in Item #6 that you will file a separate written brief or statement and, within the time set for filing, you fail to file a brief or statement and do not reasonably explain such failure." (AR L32.) However, no brief or statement was ever filed. (AR L35.)

On May 16, 2000, the BIA summarily dismissed the appeal, but granted petitioner an additional 30 days to voluntarily depart the United States. (AR L34-36.) The Order warned, "If the [petitioner] fails to depart the United States within the time period specified, or any extensions granted by the district director, the [petitioner] shall be subject to a civil penalty of not less than $1,000 and not more than $5,000, and shall be ineligible for a period of 10 years for any further relief." (AR L34.) The BIA Order was mailed to petitioner's address in Fresno, California. (AR L36.) Petitioner failed to voluntarily depart the United States. Accordingly, his voluntary departure order automatically converted to an administratively final order of removal upon overstay of the voluntary departure period.

On October 15, 2009, petitioner was arrested at his residence in Chehalis, Washington, and transferred to the Northwest Detention Center in Tacoma, Washington, for removal from the United States. (AR R115, R120-31.) On January 13, 2010, petitioner, through counsel, filed the instant habeas petition and request for stay of removal. (Dkt. No. 1.) The Court subsequently

REPORT AND RECOMMENDATION - 3

granted petitioner a temporary stay of removal. (Dkt. Nos. 3 and 9.) Respondents filed a Return Memorandum and Motion to Dismiss (Dkt. No. 12), petitioner did not file a response.

### III. DISCUSSION

Petitioner contends that his due process rights were violated by the ineffective assistance of his former counsel in failing to notify him of his obligation to file an appeal brief with the BIA and of his right to appeal the BIA's decision to the Ninth Circuit Court of Appeals. (Dkt. No. 1 at 5.) He claims that he is now eligible for adjustment of status and requests that the Court order respondents to join in his efforts to reopen his removal proceedings so he can apply for adjustment of status to permanent resident. *Id*. at 6. Respondents contend that the Court lacks jurisdiction to consider petitioner's claims or grant the relief requested under the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005). The Court agrees with respondents.

The REAL ID Act of 2005 amended the judicial review provisions of the Immigration and Nationality Act to explicitly provide that judicial review of all deportation, exclusion, or removal orders lies exclusively in the appropriate court of appeals, and that the district courts no longer have jurisdiction to review such orders. *Id*. This statutory provision provides, in part, that the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon, is to file a Petition for Review with the appropriate court of appeals. *See* 8 U.S.C. § 1252(a)(5)("A petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter"); *Iasu v. Smith*, 511 F.3d 881, 888 (9th Cir. 2007)("After the REAL ID Act . . . the district court plainly lacked habeas jurisdiction"); *see also* 8 U.S.C. § 1252(g)("Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of

REPORT AND RECOMMENDATION - 4

any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."). Pursuant to the REAL ID Act, constitutional claims or questions of law, that were historically reviewed under habeas corpus, now require review in the circuit courts of appeal. *See* 8 U.S.C. § 1252(a)(2)(d); *Fernandez-Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir. 2005), *adopted by* 466 F.3d 1121, 1124 (9th Cir. 2006)(en banc).

Although the REAL ID Act eliminated district court habeas corpus jurisdiction over orders of removal, "the REAL ID Act's jurisdiction stripping provisions . . . do[] not apply [if the] claim is not a direct challenge to an order of removal." *See Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006). *See also Singh v. Gonzales*, 499 F.3d 969, 979 (9th Cir. 2007)(holding that "both §§ 1252(a)(5) and 1252(b)(9) apply only to those claims seeking judicial review of orders of removal."); *Nadarajah v. Gonzlaes*, 443 F.3d 1069, 1075-76 (9th Cir. 2006)("By its terms, the jurisdiction-stripping provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not involve final orders of removal."). In *Singh*, the Ninth Circuit considered whether the REAL ID Act stripped the district court of jurisdiction over an ineffective assistance of counsel claim involving an attorney's failure to file a timely Petition for Review of the BIA's decision. There, the Ninth Circuit reasoned that an ineffective assistance of counsel claim "cannot be construed as seeking judicial review of a final order of removal" because petitioner's "*only remedy* would be the restarting of the thirty-day period for the filing of a petition for review with [the court of appeals]. In other words, a successful habeas petition in this case will lead to nothing more than 'a day in court' for [the petitioner]" *Id*. at 979 (emphasis added). The Court concluded that the REAL ID Act did not preclude habeas review of a claim

REPORT AND RECOMMENDATION - 5

of ineffective assistance of counsel which only seeks to restart the thirty-day period for the filing of a petition for review. *Id*.

Here, however, petitioner does not seek reissuance of the BIA's decision, but rather the remand and reversal of his removal order. Thus, his habeas petition does not fall within the exception to the REAL ID Act outlined in *Singh*. Accordingly, the REAL ID Act strips this Court of jurisdiction over petitioner's due process claim for relief. Because this Court lacks jurisdiction to consider petitioner's claim for relief, it is similarly without jurisdiction to issue a stay of removal.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that respondents' motion to dismiss be GRANTED and that this matter be DISMISSED with prejudice, and that the previous temporary stay of removal issued by the Court be VACATED. A proposed order accompanies this Report and Recommendation.

DATED this 3rd day of June, 2010.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge